UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| RONDY PHELPS, APRIL MOBLEY, and CINDY CAREY, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) No. 1:12CV9 SNLJ ) |
| PHYLLIS SCHWAB, as personal representative for the Estate of DOUGLAS W. GRESHAM, | ) ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant's motion to join Clark E. Gresham as a defendant and to dismiss defendant Phyllis Schwab, #5; plaintiffs' amended motion to remand this case to the Circuit Court for Carter County, Missouri, #10; plaintiffs' amended motion for sanctions regarding defendant's motion to add and dismiss defendants, #11; and plaintiffs' amended motion for sanctions regarding defendant's alleged improper removal of this case to this Court, #12. The parties have filed responses and sur-replies on the issue of removal and remand, and the amended motions are ripe for disposition.[1]

**I. Background**

This cause of action was originally filed by plaintiffs, all Missouri citizens, on January 21, 2011, in the Circuit Court of Carter County, Missouri, against defendants Douglas W. Gresham and Clark E. Gresham. Prior to the filing of this case in state court, Douglas Gresham

---

[1]Plaintiffs' original motion to remand, #6, and original motions for sanctions, #8 and #9, will be denied as moot because they have been superceded by the above-stated motions. Defendant has not responded to the motions for sanctions, and the filing deadline to respond has passed.

died, on December 29, 2010, and Clark Gresham, a citizen of Illinois, removed this case to this Court on February 10, 2011, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. *See Phelps, et al. v. Gresham, et al.*, Cause No. 1:11CV23 SNLJ.[2] On February 22, 2011, defendant Clark Gresham moved to substitute himself for Douglas Gresham, as Clark Gresham was the only living defendant, which motion was granted without opposition. Thereafter, plaintiffs filed an Application for Letters of Administration pursuant to §§ 473.020 and 537.020, RSMo, and the Probate Division of the Circuit Court of Cape Girardeau County appointed Public Administrator Phyllis Schwab as the Personal Representative for Douglas Gresham's estate. On July 5, 2011, plaintiffs filed a motion for leave to amend their complaint to join Ms. Schwab and dismiss Clark Gresham, which motion was granted by the Court, without opposition, on July 25, 2011.

On motion of plaintiffs, the Court then remanded this case to the state court because the joinder of defendant Schwab and dismissal of defendant Clark Gresham destroyed the diversity of citizenship between the parties, which deprived this Court of subject matter jurisdiction. *See* Order of July 25, 2011, Cause No. 1:11CV23 SNLJ; *see also* 28 U.S.C. § 1447(e). On January 13, 2012, defendant Phyllis Schwab, the sole defendant, removed this case back to this Court on the basis of diversity jurisdiction. Defendant filed, concurrently with her notice of removal, a motion, pursuant to Fed. R. Civ. P. 19 and 21, seeking to join Clark E. Gresham as a defendant and dismissing defendant Schwab for misjoinder.[3]

---

[2]This initial case was originally assigned to U.S. Magistrate Judge Lewis M. Blanton and subsequently re-assigned to the undersigned on February 23, 2011.

[3]On January 6, 2012, just prior to removal, defendant filed a motion to dismiss in state court arguing that plaintiffs' claims against the Estate of Douglas Gresham were time-barred. *See* Def. Motion to Dismiss, #1-1. Under this theory, defendant Schwab is no longer a proper party defendant, and her dismissal and the joinder of Clark Gresham creates diversity among the

2

## II. Discussion

### A. Plaintiffs' Motion to Remand

Prior to considering defendant's motion regarding substitution of the parties, the Court must first assess whether it has subject matter jurisdiction in this case. "In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." *Carlson v. Arrowhead Concrete Works, Inc.*, 445 F.3d 1046, 1050 (8th Cir. 2006). Defendant, as the party seeking removal, bears the burden of proving that all prerequisites to federal court jurisdiction are satisfied. *Green v. Ameritrade, Inc.*, 279 F.3d 590, 596 (8th Cir. 2002). Removal statutes are strictly construed, and any doubts regarding the propriety of removal should be resolved in favor of remand. *See Dailey v. Southside Mach. Work, Inc.*, 2011 WL 6181218, *1 (E.D. Mo. Dec. 13, 2011), *unpublished* (citing *In re Business Men's Assurance Co. of America*, 992 F.2d 181, 183 (8th Cir. 1993), and *Central Iowa Power Coop. v. Midwest Indep. Transmission Sys. Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009)).

The Court is unable to assume subject matter jurisdiction in this case because diversity between the parties does not exist. It is "well established that the jurisdiction of federal court is determined at the time of removal from state court, and not pursuant to an amended petition after the removal." *Hilfiker v. Southeastern Boll Weevil Eradication Found., Inc.*, 2009 WL 5214880, *1 (E.D. Mo. December 23, 2009), *unpublished* (citing *Colorado Life Co. v. Steele*, 95 F.2d 535, 537 (8th Cir. 1938)); *see also Blakemore v. Missouri Pacific R. Co.*, 789 F.2d 616, 618 (8th Cir. 1986); *Van Beek v. Ninkov*, 265 F. Supp. 2d 1037, 1041 (N.D. Iowa 2003) ("whether subject matter jurisdiction exists is a question answered by looking to the complaint as it existed at the

---

parties and establishes this Court's jurisdiction.

time the petition for removal was filed"). Defendant Schwab, the sole defendant in this action when this case was removed on January 13, 2012, is a citizen of Missouri, as are plaintiffs. 28 U.S.C. § 1332(c)(2); Order, #26, p. 2, Cause No. 1:11CV23 SNLJ. This Court has already ruled that the addition of defendant Schwab as the Personal Representative for Douglas Gresham's estate was proper and that the joinder destroyed the diversity jurisdiction in this case. *Id.*

Nothing has changed with regard to the lack of diversity between the parties since this case was remanded to state court in 2011.[4] In order for diversity to exist as defendant contends, the Court must first consider and rule in favor of her legal arguments regarding the viability of plaintiffs' claim against her and whether that claim is time-barred. Defendant is, in effect, asking this Court to rule favorably on its state-court motion to dismiss, filed just one week prior to their removal of this case, in order to establish diversity jurisdiction. The Court is unable to do so because it lacks subject matter jurisdiction. *See Hilfiker*, 2009 WL 5214880 at *1. Therefore, because a lack of diversity between the parties continues to exist, the Court will again remand this case to the state court.

**B. Plaintiffs' Motions for Sanctions**

Plaintiffs have filed motions and amended motions asking the Court to impose sanctions against counsel for defendant, pursuant to Fed. R. Civ. P. 11, for removing this case and for filing defendant's motion to substitute the parties for an improper purpose. In support of their motions for sanctions, plaintiffs point to the Civil Cover Sheet filed with the 2012 Notice of Removal,

---

[4]The Court notes that when this case was originally removed, it may have appeared that complete diversity did not exist because defendant Douglas Gresham was a citizen of Missouri. However, as the Court explained in its Order of April 26, 2011, the naming of Douglas Gresham as a defendant at that time was a nullity because he was deceased. Order, #21, p. 2, Cause No. 1:11CV23 SNLJ. Thus, federal jurisdiction existed in January 2011.

where defendant's counsel lists the parties to this action, stating that they are all citizens of Missouri, and plaintiffs assert that defense counsel also admit in their Notice of Removal that complete diversity of citizenship does not exist. Plaintiffs argue that this demonstrates that defendant has improperly removed this case in an attempt to avert the January 21, 2012, statutory deadline for removal based upon diversity jurisdiction. While defendant has not responded to the motions for sanctions, counsel contends that the Court Clerk advised him to complete the Civil Cover Sheet in the way that he did, that there was and is no viable cause of action against defendant Schwab, and that the motion regarding substitution of the parties, filed contemporaneously with the Notice of Removal, if granted, would satisfy the diversity requirements necessary for this Court to assume jurisdiction.

Based upon the totality of the circumstances of this case and the former removal, the Court finds that the second removal by defendant does not rise to the level of impropriety required by Rule 11 in order to invoke sanctions. Although, as demonstrated by the filing of her motion to dismiss in state court, it appears that defendant should have sought substitution of the parties in that court prior to seeking removal, the fact that she instead did so contemporaneously with her removal does not appear to be intended to harass or delay. Further, counsel for defendant's explanation regarding his preparation of the Civil Cover Sheet weighs against sanctions.

In their amended motion to remand, plaintiffs also seek an award of costs and fees pursuant to 28 U.S.C. § 1447(c). Section 1447(c) provides that an order "remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." This Court has discretion under the statute whether to award costs and

5

expenses where "the removing party lack[s] an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Section 1447(c) "does not require a finding that the state court action was removed in bad faith as a prerequisite to an award of attorney's fees and costs." *Lytle v. Lytle*, 982 F. Supp. 671, 674 (E.D. Mo.1997). This case has been removed twice and will have been remanded twice, imposing a significant delay of the litigation and expenditure of resources. The parties to this action when this case was removed on January 13, 2012, are the identical parties when this case was previously remanded on July 25, 2011. Therefore, the Court finds that defendant lacked an objectively reasonable basis for seeking removal and will award plaintiffs their costs and expenses, including attorneys fees, associated with the 2012 removal. The Court will retain jurisdiction over the issue of costs and expenses of removal only and remand the substantive action to state court. *See Bryant v. Britt*, 420 F.3d 161, 165-66 (2d Cir. 2005).

### III. Conclusion

The Court will remand this matter again to the Circuit Court for Carter County, Missouri, because it lacks subject matter jurisdiction, and defendant's motion to substitute the parties will be denied. Plaintiffs' motions for sanctions, pursuant to Fed. R. Civ. P. 11, will be denied, but the Court will award costs and expenses to plaintiffs, pursuant to 28 U.S.C. § 1447(c).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' original motion to remand, #6, and original motions for sanctions, #8 and #9, all filed on January 19, 2012, are **DENIED** as moot.

**IT IS FURTHER ORDERED** that plaintiffs' amended motion to remand this case, #10, filed January 20, 2012, is **GRANTED**.

**IT IS FURTHER ORDERED** that defendant's motion to join Clark E. Gresham as a defendant and dismiss Phyllis Schwab as a defendant, #5, filed January 13, 2012, is **DENIED** for lack of jurisdiction.

**IT IS FURTHER ORDERED** that plaintiffs' amended motions for sanctions pursuant to Fed. R. Civ. P. 11, #11 and #12, are **DENIED**.

**IT IS FURTHER ORDERED** that defendant is required to pay the just costs and any actual expenses, including attorneys fees, incurred as a result of the 2012 removal of this case pursuant to 28 U.S.C. § 1447(c). Plaintiffs may submit, within two weeks of the date of this order, a bill of such costs and expenses.

**IT IS FINALLY ORDERED** that this matter, with the exception of the issue of the award to plaintiffs for costs and expenses, is **REMANDED** to the Circuit Court of Carter County, Missouri.

Dated this 16th day of April, 2012.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE